UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROJELIO A. GUILLEN,

    Petitioner,

v.

CLARK DUCART,

    Respondent.

Case No. 16-cv-03637-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Habeas petitioner Rojelio Guillen challenges on ex post facto grounds the constitutionality of California Penal Code section 2933.6, a statute which rendered him, as a validated associate of a prison gang, ineligible for various time credits.[1] His attempts to obtain relief from the state courts were unsuccessful. This federal habeas petition followed. But because the case law on which Guillen relies is no longer good law, his petition for federal habeas relief is DENIED.

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[1] This is how the Court construes Guillen's claim that his jailors failed to restore his credits after section 2933.6 was declared unconstitutional by *Hinojosa, v. Davey*, 803 F.3d 412 (9th Cir. 2015), a Ninth Circuit decision discussed below.

1  established Federal law, as determined by the Supreme Court of the United States; or
2  (2) resulted in a decision that was based on an unreasonable determination of the facts in
3  light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

4  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state
5  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question
6  of law or if the state court decides a case differently than [the] Court has on a set of
7  materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13
8  (2000).

9  "Under the 'unreasonable application' clause, a federal habeas court may grant the
10 writ if the state court identifies the correct governing legal principle from [the] Court's
11 decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at
12 413. "[A] federal habeas court may not issue the writ simply because that court concludes
13 in its independent judgment that the relevant state-court decision applied clearly
14 established federal law erroneously or incorrectly. Rather, that application must also be
15 unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application"
16 inquiry should ask whether the state court's application of clearly established federal law
17 was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

19 Guillen's ex post facto claim is that his jailors failed to restore his credits after the
20 Ninth Circuit in *Hinojosa v. Davey*, 803 F.3d 412 (9th Cir. 2015) declared that California
21 Penal Code section 2933.6, when reviewed without AEDPA deference, violates the Ex
22 Post Facto Clause. The problem with this claim is that *Hinojosa* was overturned by the
23 U.S. Supreme Court and is no longer good law. *Kernan v. Hinojosa*, 136 S. Ct. 1603
24 (2016). I must apply an earlier Ninth Circuit decision, *Nevarez v. Barnes*, 749 F.3d 1124
25 (9th Cir. 2014). In that case, the Ninth Circuit, sitting in federal habeas review, explicitly
26 rejected an ex post facto challenge to section 2933.6. *Id.* at 1128. *Nevarez* forecloses
27 Guillen's claim.

28 It is worth noting that *Hinojosa* would not have entitled Guillen to habeas relief in

United States District Court
Northern District of California

any event. AEDPA review applies to a claim adjudicated on the merits by the state court; if there was no such adjudication, review is de novo. Review in *Hinojosa* was de novo because the Ninth Circuit concluded that Hinojosa's claim had not been adjudicated on the merits in state court. Review in *Nevarez* fell under the AEDPA standard because the claims had been adjudicated on the merits in state court. Guillen's ex post facto claim was adjudicated on the merits in state court; it is subject to AEDPA review. (Pet., Exs. D, E; App'x. B (orders from the state supreme, appellate, and superior courts denying Guillen's petitions for relief that raised the same claims offered here)).

## CONCLUSION

The state court's adjudication of Guillen's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Guillen may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

The Court notes that the filing fee has been paid.

**IT IS SO ORDERED.**

**Dated:** October 18, 2016

WILLIAM H. ORRICK
United States District Judge